IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01058-PAB

ROY J. MAIN,

    Applicant,

v.

WARDEN PLUGH,

    Respondent.

---

**ORDER DENYING PETITION FOR HABEAS CORPUS**

---

The matter before the Court is an Amended Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 5]. The Court has determined it can resolve the Application without a hearing. *Blackledge v. Allison*, 431 U.S. 63, 83 (1977); *see also Jeter v. Keohane*, 739 F.2d 257, n.1 (7th Cir. 1984) ("An evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court."); 28 U.S.C. § 2243.

**I.     Background**

Applicant is currently incarcerated in the Colorado Department of Corrections. Am. Application (Docket No. 5; May 20, 2010). He is serving a sentence of one day to life for a 1990 conviction of sexual assault on a child in Mesa County, Colorado District Court in case 90CR128. *Id.* at 9.

Applicant was denied placement in ICCS Community Corrections on September 15, 2009 and was denied placement in Mesa County Community Corrections on October 9, 2009. *Id.* at 3.

Applicant initiated this action by filing *pro se* his 28 U.S.C. § 2241 Application on May 7, 2010. He filed an Amended Application on May 20, 2010. Docket Nos. 3, 5. This Court issued an Order to Show Cause to respondent on November 1, 2010. Docket No. 15. Respondent filed a response on December 22, 2010. Docket No. 18. Applicant filed a traverse on January 31, 2011. Docket No. 23.

## II.     Application

Applicant raises two claims in his habeas corpus application. First, he alleges that he was wrongfully denied placement in community corrections in 2009. Specifically, applicant claims the refusals to place him in community corrections were abuses of discretion because those decisions were based on a nineteen-year old offense and did not consider a number of favorable factors that supported his placement in community corrections.

Second, applicant alleges that, although he was sentenced in 1990, he is being adversely affected by sex offender sentencing and treatment programs that were enacted in 1998, which is an *ex post facto* violation.

Applicant requests either that he be released or that respondent be ordered to place him into a community corrections program.

**III.     Legal Standard**

A § 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Hernandez v. Davis*, No. 07-cv-02406-REB-MEH, 2008 WL 2955856, at *7 (D. Colo. July 30, 2008). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . ." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

A petition under 28 U.S.C. § 2241 "must be filed in the district where the prisoner is confined." *Bradshaw*, 86 F.3d at 166. Here, applicant correctly filed his petition pursuant to 28 U.S.C. § 2241 in the District of Colorado, where he was incarcerated at the time of initial filing.

The Court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Court should not be the *pro se* litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## IV. Analysis

Respondent concedes that this action is timely and that applicant has exhausted his state remedies. Prelim. Resp. (Docket No. 8; June 15, 2010).

### A. Claim 1: Community Corrections Denial an Abuse of Discretion

In order to receive federal habeas relief, an applicant must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Applicant's only reference to federal law in his petition is that this Court has authority to review a parole board's hearing for abuse of discretion pursuant to 18 U.S.C. §§ 4206 and 4207. However, these statutes specifically refer to actions of the United States Parole Commission. Applicant's unfavorable community corrections decisions were instead made pursuant to entities authorized by Colorado statutes. *See* Colo. Rev. Stat. § 17-27-101. Thus, §§ 4206 and 4207 provide applicant with no relief.

Liberally construing the Amended Application, applicant appears to be arguing that the decision to deny placement in community corrections violated his Fourteenth Amendment rights. In order for the Fourteenth Amendment to require any process at all, an applicant must identify a "liberty or property interest which has been interfered with by the State." *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). However, the Colorado Supreme Court has declared that "an inmate does not have a constitutional right to a particular custody classification." *Deason v. Kautzky*, 786 P.2d 420, 422 (Colo. 1990) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Reed v.*

*People*, 745 P.2d 235, 239 n.5 (Colo. 1987)); *see Jenner v. Zavaras*, 339 F. App'x 879, 882 (10th Cir. 2009) ("Colorado law leaves prisoner classification decisions to the discretion of the Department of Corrections."); *see also Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) ("Changing an inmate's prison classification ordinarily does not deprive him of liberty."). The Court is bound by the Colorado Supreme Court's construction of state law in this habeas application. *See Hawkins v. Mullin*, 291 F.3d 658, 662-63 (10th Cir. 2002). Further, a prisoner has no property right to be housed in a community corrections facility. *People v. Wilhite*, 817 P.2d 1017, 1021 (Colo. 1991), *cert. denied*, *Wilhite v. Colorado*, 502 U.S. 1103 (1992).

Accordingly, the Court finds that the decisions denying applicant placement in community corrections does not implicate either federal constitutional rights or federal law. Claim one is dismissed.

## B.    Claim 2: *Ex Post Facto* Violation

Applicant claims that both Colo. Rev. Stat § 18-1.3-1004(3) and § 16-11.7-105 violate the Ex Post Facto Clause of the Constitution as applied to him in this case. Applicant is challenging the laws as applied to him, not as a facial challenge. *See Raymer v. Enright*, 113 F.3d 172, 174 (10th Cir. 1997) (citing *Artway v. Attorney General*, 81 F.3d 1235, 1252 n.13 (3d Cir. 1996)) An *ex post facto* law is "any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (quotations omitted); U.S. Const. Art. I, § 10.

First, § 18-1.3-1004(3), which is only binding on a "sex offender sentenced pursuant to this section," does not apply to applicant. Colo. Rev. Stat. § 18-1.3-1004(3). Applicant was instead sentenced under (now repealed) Colo. Rev. Stat. § 16-13-201. Am. Application at 3.

Similarly, § 16-11.7-105 only applies to "sex offender[s] sentenced by the court for an offense committed on or after January 1, 1994." Colo. Rev. Stat. § 16-11.7-105. Applicant was sentenced in 1990 so this statute likewise does not apply to him.

Instead, the evidence indicates that applicant's participation in the sex offender treatment programs, while recommended, is not mandatory. Colorado Dep't of Corrs. Admin. Regulation 700-19, Section IV(D)(1). Since applicant decided to participate in the program, it is entirely within the discretion of the community corrections board to use his performance as a factor in deciding his placement eligibility. *See McKinney v. Kautzky*, 801 P.2d 508, 510 (Colo. 1990) (community corrections entities vested with authority to reject referrals "if it believes that the inmate is not appropriate for community corrections").

Applicant was sentenced in 1990 to a maximum term of life in prison. He has provided no facts that the punishment for this crime has been increased by any law since that time. *See Fultz v. Embry*, 158 F.3d 1101, 1102 (10th Cir. 1998) (quoting *Lynce v. Mathis*, 519 U.S. 433, 441 (1997)). Therefore, since applicant cannot show that any law has "'affect[ed] the legal consequences of his crime or increase[d] his punishment,' there is no *ex post facto* violation." Applicant's second claim is denied.

*Chambers v. Colorado Dep't Of Corrections*, 205 F.3d 1237, 1242 (10th Cir. 2000) (quoting *Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998)).

**V.    Order**

It is ORDERED that applicant's Amended Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 5; May 20, 2010) is denied.

DATED June 13, 2011.

BY THE COURT:

 s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge